# United States District Court

for the

## Eastern District of Pennsylvania

March 3, 2017

U.S.A. vs. Shane Hennen                                              Case No. 2:17CR00079-001

## VIOLATION OF SUPERVISED RELEASE

COMES NOW Karen Myslinski U.S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Shane Hennen, who was placed on supervised release by the Honorable Gary L. Lancaster sitting in the Court in the Western District of Pennsylvania on the 20th day of September, 2011, who fixed the period of supervision at four years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Possession with the intent to distribute and distribution of less than 500 grams of a mixture and substance containing a detectable amount of cocaine (Count One); and conspiracy to possess with intent to distribute and distribution of five kilograms or more of a mixture and substance containing a detectable amount to cocaine (Count Six). |
| ORIGINAL SENTENCE: | Custody of the U.S. Bureau of Prisons for a term of 30 months, followed by four years of supervised release. The term of supervised release consisted of terms of three years on Count One and four years on Count Six, with both terms running concurrently. A $200 special assessment was also imposed. |
| SPECIAL CONDITIONS: | 1) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; 2) The defendant shall not unlawfully possess a controlled substance; 3) The defendant shall submit to urinalysis as directed by the probation officer and shall participate in a substance abuse treatment program, if deemed necessary. It is also ordered that the defendant's initial drug test shall occur within 15 days of being placed on supervision and he shall undergo at least two periodic tests thereafter. Furthermore, the defendant shall be required to contribute to the costs of services for any such treatment not to exceed and amount determined reasonable by the U.S. Probation Office; 4) The defendant shall participate in an alcohol aftercare treatment program, approved by the probation officer, which may include urine testing. The defendant shall remain in any such program unit he is released from that program by the Court; and 5) The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer. |

**RE:   HENNEN, Shane**
**Case:  2:17CR00079-001**
**Page:  2**

| | |
|---|---|
| DATE SUPERVISION COMMENCED: | December 13, 2013 |
| TRANSFER OF JURISDICTION: | On August 12, 2015, jurisdiction was transferred from the Western District of Pennsylvania to the Northern District of Florida. |
| TRANSFER OF JURISDICTION: | On February 10, 2016, supervision was transferred to the Eastern District of Pennsylvania. On February 27, 2017, jurisdiction was accepted and assumed by this Court and assigned to the calendar of the Honorable Legrome D. Davis. |
| DATE SUPERVISION TERMINATES: | December 12, 2017. |

**RE: HENNEN, Shane**
**Case: 2:17CR00079-001**
**Page: 3**

A. <u>Standard Condition:</u> The defendant shall not commit federal, state, or local crime.

On February 1, 2017, the defendant was arrested by an officer from the Kirkwood Police Department (KPD) in Kirkwood, Missouri, and charged with driving under the influence of alcohol and failure to drive within a single lane. According to the arrest report, at approximately 10:00 p.m., on that same date, KPD received a call regarding a careless and imprudent driver who was swerving all over the road. A KPD officer reported to the scene and pulled up behind a rented white Toyota Highlander, as it was stopped at a red light at a railroad crossing. After the railroad gates lifted and a traffic light turned green, the driver of the Highlander, later identified as Shane Hennen, waited approximately seven seconds before accelerating. The trooper reportedly observed the vehicle swerve to the right crossing the dashed white line that divides the lanes then drift to the left almost striking the concrete median on Kirkwood Road at the Union Pacific Railroad Tracks. The officer continued behind the vehicle as it drifted from side to side within its lane. Before the officer could activate his emergency signals, the Highlander turned into a parking lot. The officer approached the vehicle and made contact with the defendant. The officer reportedly smelled alcohol emanating from Mr. Hennen's breath and noticed that the defendant had watery, glassy, bloodshot eyes. At the trooper's inquiry, Mr. Hennen reportedly confirmed that he had been drinking and that the liquid in the vehicle's console was alcohol. Mr. Hennen was instructed to step out of the vehicle, which he did, but he refused to perform any of the Standardized Field Sobriety Tests. He was placed under arrest and transported to the police station for processing. Mr. Hennen refused to answer any questions, and would only speak one word, "lawyer." However, whenever an officer asked if the defendant wanted to speak to his attorney, Mr. Hennen would not respond. After a period of time, the officers allowed Mr. Hennen to use his cell phone to call his lawyer; he made several calls, none of which appeared to be to a lawyer. The telephone conversations he had started out with, "Can you call me a lawyer?" However, the defendant would then get sidetracked during the conversations. During one of the calls he placed, the speakerphone was active and a woman answered with the greeting, "What's up drunk guy?" Mr. Hennen was told that his time for making calls was over and he then became highly uncooperative by refusing to place his hands on the counter to turn his cell phone into evidence. He also refused to complete the Missouri Implied Consent from the Alcohol Influence Report. Mr. Hennen was held overnight for safekeeping and he was released the following morning when he was sober. He was given a court date of April 4, 2017. Mr. Hennen had $14,621 in cash on him at the time of his arrest which he claimed were the proceeds of his gambling winnings.

**GRADE OF VIOLATION**                                                                                           <u>C</u>

RE: **HENNEN, Shane**
Case: **2:17CR00079-001**
Page: **4**

B. Standard Condition #1: The defendant shall not leave the judicial district without permission of the Court or probation officer.

As noted in Violation A, on February 1, 2017, Mr. Hennen was arrested by the KPD in Kirkwood, Missouri. He neither sought, nor was given permission to travel outside of the Eastern District of Pennsylvania (ED/PA).

During the investigation of the above noted arrest, the United States Drug Enforcement Administration (DEA) was called in connection with the large amount of cash in Mr. Hennen's possession. The DEA agent forwarded a report to this officer which confirms that, on August 6, 2014, Mr. Hennen traveled via airplane from Gulfport, Missouri, to San Diego, California. Mr. Hennen did not purchase a return ticket and he was carrying $10,769 in cash. Therefore, he was stopped by airport security and questioned, but he was not arrested. Again, Mr. Hennen did not have permission to travel outside of the ED/PA to Missouri or California.

**GRADE OF VIOLATION**                                                                 **C**

RE:   HENNEN, Shane
Case: 2:17CR00079-001
Page: 5

PRAYING THAT THE COURT WILL ORDER...   **THE ISSUANCE OF A SUMMONS DIRECTING THE NAMED SUPERVISED RELEASEE TO APPEAR AT A REVOCATION HEARING.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Jonathan J. Henshaw
Supervising U.S. Probation Officer

Philadelphia, PA
Date March 3, 2017

KRM

cc: Assistant U.S. Attorney
    Defense Attorney
    Defendant

ORDER OF THE COURT

Considered and ordered this _15_ day of _Oct_, 2017, and ordered filed and made part of the records in the above case.

U.S. District Court Judge